# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. DOUGLAS E. TOMBLIN, et al., <br><br> Plaintiffs, <br> v. <br> XLNT VETERINARY CARE, INC., et al., <br><br> Defendants. | Case No. 09cv1940 BTM (JMA) <br><br> **ORDER DENYING MOTION TO COMPEL JOINDER AND REMAND** |

Plaintiffs have filed a motion to compel joinder and remand to state court [Doc. 21]. Also pending is Defendants' motion for leave to file a sur-reply [Doc. 28], which the Court **GRANTS**. The Court has considered the sur-reply in ruling on Plaintiffs' motion to remand. For the following reasons, the Court **DENIES** the motion to compel joinder and remand.

## I. BACKGROUND

Plaintiffs are veterinarians who sold their private clinic, Bonita Pet Hospital, to Defendant XLNT Veterinary Care, Inc.[1] As part of that transaction, XLNT allegedly agreed to employ Plaintiffs and to pay them a bonus if Bonita Pet Hospital met certain revenue targets. Plaintiffs primarily allege they met their targets but XLNT failed to pay them their bonuses.

Plaintiffs originally filed this action in state court, and Defendants removed the case

---

[1] Defendant Pet DRx is the parent company of XLNT.

here based on diversity jurisdiction.  Plaintiffs now want to compel joinder of Bonita Pet Hospital, a non-diverse defendant which, like Plaintiffs, is a citizen of California.  They also move to remand because if Bonita Pet Hospital is joined, diversity jurisdiction would be destroyed.  They also claim that the Court never had diversity jurisdiction to begin with because the existing Defendants are actually citizens of California.

The Court first addresses Plaintiffs motion to compel joinder, which the Court construes as a motion to amend the complaint.  The deadline for amendments has passed,[2] so the Court focuses on the Plaintiffs' diligence in trying to meet the deadline.

## II.  DISCUSSION

**1.    Motion to Amend**

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "It is the moving party's burden to show that good cause exists." *Robertson v. Sadjak*, No. 09cv136, 2010 WL 1418393, at *7 (D. Idaho April 7, 2010).

Plaintiffs want to amend their complaint to add Bonita Pet Hospital, which is the business they sold to Defendants, as a defendant.  They argue that good cause for amending exists because they only recently learned that Bonita Pet Hospital is effectively the same company as Defendants.  They claim that Defendants and Bonita Pet Hospital are the same parties.  To support their claim, they point to a motion filed by Bonita Pet Hospital in a related case in state court.

That state-court case is based on the same facts as the one here.  The difference is that Plaintiffs filed the state-court case against Bonita Pet Hospital only.  In moving to dismiss or stay the state-court suit, Bonita argued that the same claims were already being litigated

---

[2] *See* December 7, 2009 Scheduling Order [Doc. 12] (setting deadline for amending pleadings for February 8, 2010).

here against "essentially the same defendants," and so the state court should either dismiss or stay the case.  (Plaintiffs' Req. for Jud. Not., Ex. A, at 3.)  Plaintiffs believe that this purported admission by Bonita Pet Hospital justifies its request to amend its complaint to add Bonita as a Defendant.  The Court disagrees.

Plaintiffs have not shown diligence.  They do not allege they were unaware of Bonita Pet Hospital's involvement in this case from the very beginning.  Indeed, it was the business they sold to Defendants.  The employment agreements, which Plaintiffs attached to their complaint, referenced Bonita Pet Hospital and its role in the transactions at issue was well known.  Bonita's self-serving argument in state court, saying that it was "essentially the same" defendant as Defendants here, is not new evidence that Plaintiffs failed to discover despite their diligence.  They could have tried to join Bonita Pet Hospital as a defendant in this case at any time before the deadline to amend.  But they did not, and the main reason for their failure is their lack of diligence.

Even assuming Plaintiffs were diligent and the Court allowed them to file a motion to amend, the Court would still deny it.  Joinder of Bonita Pet Hospital would destroy diversity jurisdiction, and the Court is only required to join required parties if their joinder would not deprive the court of jurisdiction.  *See* Fed. R. Civ. P. 19(a)(1) ("Required Party.  A person . . . whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if" it is a required party.)  Plaintiffs' motion to compel joinder is therefore **DENIED.**

Although the Court denies Plaintiffs' motion to compel joinder, the Court must still consider whether this case should be dismissed or remanded under Federal Rule of Civil Procedure 19(b).  Because if Bonita Pet Hospital is a required party and cannot be joined, the court must decide whether to proceed without it, or dismiss or remand the case.  Fed. R. Civ. P. 19(b); *see also Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985) (ordering remand under Rule 19(b)).  Plaintiff has not raised Rule 19, but the Court considers it *sua sponte*.  *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 128 S. Ct. 2180, 2188 (2008) (court may *sua sponte* consider "absence of a required person and dismiss for failure to join").

**2.      Motion to Dismiss or Remand Under Rule 19(b)**

    A.      <u>Bonita Pet Hospital Is Not a Required Party</u>

"If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed [or remanded]." Fed. R. Civ. P. 19(b); *Takeda*, 765 F.2d at 821–22 (remand also available under Rule 19(b)). The Court must first determine whether Bonita Pet Hospital "is required to be joined." *Id.* If it is a required party, and if joinder is not feasible, then the Court will decide if the action should proceed without it. *See EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

A party is required to be joined if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Rule 19(a) is "concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Peabody*, 400 F.3d at 780.

Joint obligors are not required parties. *See, e.g., Trans Pac. Corp. v. S. Seas Enters, Ltd.*, 291 F.2d 435, 436 (9th Cir. 1961) ("Nor, ipso facto, are joint obligors indispensable parties . . . ."). Bonita is only a guarantor of Defendants' obligations, and it is Defendants that are primarily responsible for any alleged liability under the bonus contracts. The Court may either find Defendants liable to pay the bonuses or not, and Bonita's absence does not affect the Court's ability to enter a judgment against Defendants. The Court is therefore able to afford complete relief to Plaintiff with or without Bonita.

Although Plaintiffs argue they would have a broader set of discovery tools to use against Bonita if it was a party, that does not make Bonita a required party. *See* Fed. R. Civ.

P. 19(a)(1) (availability of discovery not mentioned as a factor in required-party analysis); *Powers v. City of Seattle*, 242 F.R.D. 566, 568 (W.D. Wash. 2007) ("The fact that obtaining the information might be easier if the media are defendants does not require their joinder under Rule 19(a)."). Further, Defendants own Bonita Pet Hospital and the Court can order them to produce any documents and witnesses relevant to this action. There will be little to no prejudice to Plaintiffs if Bonita remains a non-party.

But just because complete relief can still be afforded to the parties does not mean the inquiry is over. Rule 19(a)(1) also says that if the non-party claims an interest in the proceedings, and its absence would leave an existing party subject to multiple or inconsistent obligations, then the non-party is required. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). It might appear that the concurrent state-court action against Bonita Pet Hospital, which asserts essentially the same claims, could leave Defendants "subject to a substantial risk of incurring" inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii). But that provision only matters if Bonita "claims an interest relating to the subject of the action." *Id.* at 19(a)(1)(B). Only then does the Court consider whether an existing party would be subject to inconsistent obligations. *Id.* Because Bonita has not claimed any interest, nor does it seek to join this action, this provision is inapplicable.

Even if Bonita did claim an interest, there is still no substantial risk of inconsistent obligations for an existing party. Plaintiffs will either win or lose this case against Defendants. What happens in state court against Bonita Pet Hospital, even if the result there differs from the one here, will not lead to Defendants having inconsistent obligations. Defendants are not a party to the state-court action, and their only obligation is to comply with this Court's judgment, if any.

B. Defendants' Citizenship

Plaintiffs claim that Defendants are and have always been citizens of California. Plaintiffs themselves are also citizens of California, and they argue Defendants improperly removed this case and the Court lacks jurisdiction to hear it.

Complete diversity must exist at both the time when an action is filed and at removal. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004). Later changes in citizenship do not deprive a court of subject-matter jurisdiction. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 391 (1998). In diversity cases, corporations are citizens of their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business refers to the corporation's nerve center—that place "where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).

Defendants are not citizens of California. They were incorporated in Delaware, and their principal place of business is in Tennessee. George Villasana, general counsel of Defendant Pet DRx, submitted a declaration establishing that when Plaintiffs filed this action, and when Defendants removed it, both Defendants' principal places of business were in Brentwood, Tennessee. Pet DRx is XLNT's parent company and manages its operations. Although some of their executives have home offices (outside of California), the CEO, CFO, and the general counsel have designated offices at the corporate headquarters in Brentwood. The entire accounting, legal, finance, and human-resources departments are also there in Brentwood. Based on the current record, it appears Defendants are citizens of Delaware and Tennessee.

Plaintiffs' evidence does not rebut this conclusion. Donald Karpel, Plaintiffs' lawyer, says he has done extensive business with Defendants and has received responses from letters written to Defendants' executives at California addresses. He also states Defendants have received service of process in California and they do extensive business within the state. This evidence is largely irrelevant to the issue of the corporation's nerve center, and is simply not enough to show Defendants are California citizens.

Plaintiffs also argue that even if Defendants were not California citizens at the time of filing and removal, they are now. They claim that a California corporation, VCA Antech, Inc., recently bought Pet DRx, and the purchase destroyed diversity. But courts evaluate diversity at the time of filing, and later events have no bearing on the Court's subject-matter

jurisdiction.  *Wisconsin Dep't of Corrections*, 524 U.S. at 391.

The Court has subject-matter jurisdiction over this case. If Plaintiffs later discover new information establishing that, at the time they filed this case and at removal, Defendants were California citizens, they may move again to remand for lack of subject-matter jurisdiction.

### C. The Forum-Selection Clause

Plaintiffs argue that Defendants agreed to forum-selection clauses which prohibit them from litigating this action in federal court. All the clauses at issue say that each party "submits to the jurisdiction of any California state or federal court" for actions arising out of the agreements. On its face, the clause contradicts Plaintiffs' argument. Plaintiffs would construe the clause to mean that the parties only submitted to federal court for federal causes of action, but that is not what the clause says. It says that actions arising out of the agreements can be litigated in "any California state or federal court," without additional limitations. Moreover, Plaintiffs filed this motion well beyond the thirty-day deadline for challenging removal "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c).

The forum-selection clause did not prohibit Defendants' from removing this case here.

### III. CONCLUSION

The Court **GRANTS** Defendants' motion to file a sur-reply brief [Doc. 28]. The Court **DENIES** Plaintiffs' motion to compel joinder and remand to state court.

**IT IS SO ORDERED.**

DATED: July 12, 2010

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge